The BLACKFEET INDIAN TRIBE,
Plaintiff–Appellant,

v.

The MONTANA POWER COMPANY, a
Montana corporation; the United
States of America; and Donald P. Ho-
del, Secretary of the Interior, Defend-
ants–Appellees.

No. 87–3697.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1987.

Decided Jan. 28, 1988.

As Amended Feb. 24, 1988.

Jeanne S. Whiteing, Boulder, Colo., for
plaintiff-appellant.

Michael P. Manion, Butte, Mont., Edward
J. Shawaker, Land and Natural Resources
Div., Dept. of Justice, Washington, D.C.,
for defendants-appellees.

Before WRIGHT, ANDERSON and
SCHROEDER, Circuit Judges.

J. BLAINE ANDERSON, Circuit
Judge:

The Blackfeet Indian Tribe seeks to have
rights-of-way granted over tribal lands in-
validated. The appeal presents the ques-
tion of whether the Secretary of the Interi-
or exceeded his authority by allowing a
fifty-year term for natural gas pipeline
rights-of-way across Blackfeet tribal lands.
We hold he did not.

I.

Between 1961 and 1969, the Secretary of
the Interior ("Secretary") granted The

Montana Power Company ("MPC") five rights-of-way for natural gas transmission pipelines across Blackfeet Indian Tribe ("Tribe") lands on the Blackfeet Indian Reservation in Montana. Each right-of-way was granted by the Secretary pursuant to his approval power, and each was for a fifty-year term. At the time of approval, the Tribe also consented to each right-of-way.

In 1981, the Tribe objected to the fifty-year term and notified MPC of its objection. The Tribe contended the terms were limited to twenty rather than fifty years. MPC responded by stating that it was entitled to the fifty-year terms approved by the Secretary.

In 1983, the Tribe filed the present suit, alleging the pipeline rights-of-way granted MPC were limited to twenty years and the Secretary exceeded his authority in approving longer terms. Under the twenty-year period, the Tribe alleged the right-of-way had expired and MPC was therefore occupying the land as a trespasser.[1]

The district court granted MPC, the United States, and the Secretary partial summary judgment, declaring that the rights-of-way were for fifty years and therefore had not expired. The court held the Secretary did not exceed his authority in approving the rights-of-way for fifty years and that the Tribe had consented to these terms. The district court later issued a Fed.R.Civ.P. 54(b) order of finality on the grant of partial summary judgment. The Tribe immediately appealed.

## II.

In 1904, Congress enacted a statute authorizing the Secretary to grant rights-of-way as easements for oil and gas pipelines through any Indian reservation for a period no longer than twenty years. The statute reads as follows:

"The Secretary of the Interior is authorized and empowered to grant a right of way in the nature of an easement for the construction, operation, and maintenance of pipe lines for the conveyance of oil and gas through any Indian reservation ... *Provided,* That the rights herein granted shall not extend beyond a period of twenty years: *Provided further,* That the Secretary of the Interior, at the expiration of said twenty years, may extend the right to maintain any pipe line constructed under this section for another period not to exceed twenty years from the expiration of the first right, upon such terms and conditions as he may deem proper. The right to alter, amend, or repeal this section is expressly reserved."

25 U.S.C. § 321, 33 Stat. 65, Act of March 11, 1904.

With the 1904 Act still in effect, in 1948 Congress passed the Indian Right-of-Way Act. The 1948 Act empowered the Secretary to grant rights-of-way across Indian lands for all purposes. The statute provides:

"The Secretary of the Interior be, and he is empowered to grant rights-of-way for all purposes, subject to such conditions as he may prescribe, over and across any lands now or hereafter held in trust by the United States for individual Indians or Indian tribes, communities, bands, or nations, or any lands now or hereafter owned, subject to restrictions against alienation, by individual Indians or Indian tribes, communities, bands, or nations, including the lands belonging to the Pueblo Indians in New Mexico, and any other lands heretofore or hereafter acquired or set aside for the use and benefit of the Indians."

25 U.S.C. § 323, 62 Stat. 17, Act of February 5, 1948. The 1948 Act included a sec-

---

1. At the time this case was submitted on appeal, the twenty-year period had expired on four of the rights-of-way. The fifth will expire in 1989.

ond statute which required tribal consent for rights-of-way, stating, in relevant part: "No grant of a right-of-way over and across any lands belonging to a tribe ... shall be made without the consent of the proper tribal officials." 25 U.S.C. § 324, 62 Stat. 18. Additionally, the 1948 Act provided that:

"Sections 323 and 328 of this title shall not in any manner amend or repeal the provisions of the Federal Water Power Act, ... nor shall any existing statutory authority empowering the Secretary of the Interior to grant rights-of-way over Indian lands be repealed."

25 U.S.C. § 326, 62 Stat. 18.

Pursuant to the authority granted by the 1948 Act, 25 U.S.C. § 323, empowering the Secretary to grant rights-of-way "subject to such conditions as he may prescribe," the Secretary promulgated a regulation in 1960 which allowed rights-of-way for oil and gas pipelines for a period not to exceed fifty years:

"All rights-of-way granted under the regulations in this part shall be in the nature of easements or permits for the period stated therein. They are terminable upon abandonment or discontinuance of the use for which granted. Rights-of-way for railroads, telephone lines, telegraph lines, public highways, and water control projects including but not limited to dams, reservoirs, flowage easements, ditches and canals shall be without limitation as to term of years. Rights-of-way for all other purposes shall be for a period of not to exceed 50 years, as fixed by the Secretary and stated in the grant, and shall be subject to renewal for a like term upon compliance with the applicable regulations."

25 C.F.R. § 161.19 (1960). In 1968, the regulation was amended to allow the Secretary to grant rights-of-way for *all* easements, *including* oil and gas pipelines, for an unlimited term of years. 25 C.F.R. § 161.18 (1968). *See also United States v. Mitchell*, 463 U.S. 206, 223, 103 S.Ct. 2961, 2971, 77 L.Ed.2d 580 (1983).

However, the regulation promulgated pursuant to the 1904 Act limited oil and gas pipeline rights-of-way to not more than 20 years: "Rights of way, granted under [25 U.S.C. § 321], for oil and gas pipelines, ... shall not extend beyond a term of 20 years...." 25 C.F.R. § 161.25(b) (1968). Thus the rights-of-way acquired by MPC could be subject to section 161.18 covering all rights-of-way and allowing unlimited terms; or subject to section 161.25(b) covering only oil and gas pipeline rights-of-way and limiting the term of years to not more than twenty; or subject to the original regulation, 25 C.F.R. § 161.19 (1960), providing for not more than a fifty-year term for all rights-of-way.

Because the rights-of-way at issue here were limited to fifty years, we need not consider the validity of the 1968 amendment insofar as it allowed terms in excess of fifty years. Also, we note that each regulation was promulgated pursuant to the authority of the Acts of 1904 and 1948. As a result, the essential question is whether the 1904 Act, the 1948 Act, or both, control the five rights-of-way the Secretary granted MPC.[2]

### III.

Since we are reviewing an issue involving statutory construction and a grant of summary judgment, the standard of review is *de novo*. *Native Village of Stevens v. Smith*, 770 F.2d 1486, 1487 (9th Cir.1985), *cert. denied*, 475 U.S. 1121, 106 S.Ct. 1640, 90 L.Ed.2d 185 (1986). However, when faced with an issue of statutory construction, we give deference to the agency charged with administering that statute. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616, *reh. den.*, 380 U.S. 989, 85 S.Ct. 1325, 14 L.Ed.2d 283 (1965); *Southern Pacific Transportation Co. v. Watt*, 700 F.2d 550, 552 (9th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 747, 79 L.Ed.2d 204 (1983). Consequently, we will sustain the Secretary's construction of the statutes if it is reasonable, even though another construction appears equally plau-

**2.** In answering this question as we do, we find it unnecessary to determine which of each of the five rights-of-way was granted pursuant to the authority of which Act.

sible. *Southern Pacific,* 700 F.2d at 552; *Lanning v. Marshall,* 650 F.2d 1055, 1057 n. 4 (9th Cir.1981).

## IV.

■ The starting point for an issue involving statutory construction is the language in the statute itself. *Watt v. Alaska,* 451 U.S. 259, 265, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981). Where two statutes are involved, legislative intent to repeal an earlier statute must be clear and manifest. In the absence of such intent, apparently conflicting statutes must be read to give effect to each if such can be done by preserving their sense and purpose. *Id.* at 267, 101 S.Ct. at 1678; 1A *Sutherland Stat. Const.* § 23.09 (4th Ed.1985) (if the inconsistency between a later act and an earlier one is not fatal to the operation of either, the two may stand together and no repeal will be effected). This is because statutory repeals by implication from a later enacted statute are disfavored. *SDC Development Corp. v. Mathews,* 542 F.2d 1116, 1118 n. 5 (9th Cir.1976). Also, where possible, we resolve legal ambiguities in favor of Indians, but we cannot ignore the plain intent of Congress. *See South Carolina v. Catawaba Indian Tribe,* 476 U.S. 498, 106 S.Ct. 2039, 90 L.Ed.2d 490 (1986).

■ Here, the language in neither Act speaks to the relationship of the Acts *inter se.* We therefore look to congressional intent with an eye toward upholding both statutes. *Id.* The 1904 Act is specific. It authorizes the Secretary to grant rights-of-way for oil and gas pipelines for up to a twenty-year period. 25 U.S.C. § 321. The later enacted Act of 1948 is more general; it grants the Secretary the power to grant "rights-of-way for *all* purposes" subject to the conditions he prescribed. 25 U.S.C. § 323. Additionally, the 1948 Act stated that it was not to "in any manner amend or repeal ... any existing statutory authority empowering the Secretary of the Interior to grant rights-of-way over Indian lands...." 25 U.S.C. § 326.

There is no express congressional intent to repeal § 321, even with the law's unaffected language contained in § 326. In 1904, the Secretary was given the authority to grant easements for oil and gas pipelines. Later, in an attempt to broaden the Secretary's powers in granting rights-of-way for access to Indian lands for other purposes, the 1948 Act was passed. It was meant to "satisfy the need for simplification and uniformity in the administration of Indian law." Sen.Rep. No. 823, 80th Cong. 1st Sess., *reprinted in* 1948 U.S.Code Cong. & Admin.News 1033, 1036. To avoid confusion, the existing special purpose statutes (such as section 321) were preserved in anticipation of implementation of the general purpose statute of § 323. *See Id.* at 1036; 25 U.S.C. § 326.

The Act of 1904 and the Act of 1948 can be read as coexisting. The former allows a term of 20 years, the later a term of 50 years. No matter which term the Secretary permits the consent of the Tribe is still required. 25 U.S.C. § 324. Presumably, if the Tribe did not approve a 50–year term, approval of a 20–year term would be much more likely. In either case, the Tribe has preserved its election and its ability to protect Tribal interests. Thus the two Acts are not in direct conflict, and effect can be given to each while still preserving their sense and purpose. *See Watt v. Alaska,* 451 U.S. at 267, 101 S.Ct. at 1678.

Analogous cases support this view. In *Nebraska Public Power District v. 100.95 Acres of Land,* 719 F.2d 956, 961 (8th Cir. 1983), the court held that the 1948 Act did not impliedly repeal the Indian General Allotment Act of 1901, 25 U.S.C. § 357, and its condemnation statute. In this, the court found the 1901 Act and the 1948 Act were not in irreconcilable conflict and effect could be given to each. *Id.* Moreover, in so holding, the court relied on the Ninth Circuit decision of *Nicodemus v. Washington Water Power Co.,* 264 F.2d 614 (9th Cir.1959), where we held that the 1948 Act and § 357 provided two means of easement across Indian land for electric transmission lines. *Id.* at 960. We reaffirmed this analysis in *Southern California Edison Co. v. Rice,* 685 F.2d 354, 357 (9th Cir. 1982), *cert. denied,* 460 U.S. 1051, 103 S.Ct. 1497, 75 L.Ed.2d 929 (1983).

On this basis, we shall follow the Eighth Circuit's analysis in *Nebraska Public Power* with respect to reconciling § 321 with the 1948 Act. The oil and gas pipeline statute, 25 U.S.C. § 321, is not distinguishable in any significant degree as far as the congressional intent is concerned from the allotment statute, 25 U.S.C. § 357, at issue in *Nebraska Public Power.*

The Tribe argues *Nebraska Public Power* is distinguishable because the 1901 Act did not require tribal consent. Also, the Tribe argues that the 1904 and 1948 Acts are not separate and distinct because they both provide the same method of acquiring rights-of-way.

We find the Tribe's arguments unpersuasive. The fact that the 1901 Act did not require consent does not distinguish the *Nebraska Public Power* analysis as far as the congressional purpose of the 1948 Act with respect to earlier specific statutes is concerned. Moreover, while the 1901 and 1948 Acts provide the same method of acquiring a right-of-way, this does not mean applying the former negates application of the latter.

Since effect can be given to both the 1904 and the 1948 Acts, both should be applied. This gave the Tribe a choice between either the 20-year term under the earlier statute or up to a 50-year term under the latter statute. The Tribe consented to a 50-year term. The term of years was controlled by both Acts and the Secretary did not exceed his authority in providing regulations allowing 50-year terms.

## V.

We hold the term of years for the rights-of-way can be either 20 or 50 years. Since the Tribe consented to the 50-year term, the Secretary's regulations with respect to term of years are valid. The district court properly entered judgment for MPC and the Secretary. Consistent with our holding, we find the Tribe is not entitled to attorney's fees.

AFFIRMED.